COMMONWEALTH *vs.* WILLIAM MELENDEZ. December 3, 1981. At his trial on indictments for breaking and entering in the daytime with intent to commit a felony and possession of a burglarious instrument (i.e. a screwdriver), the defendant testified that at the time of the alleged breaking and entering he was at the apartment of a friend attempting to fix her refrigerator. This alibi, according to the defendant, also explained his possession of a screwdriver which bulged from his jacket at the time of his arrest. The alibi witness did not appear at trial.

Following the sound practice of first obtaining permission to do so, cf. *Commonwealth* v. *Earltop,* 372 Mass. 199, 206, 207 (1977) (Hennessey, C.J., concurring), the prosecutor, in closing argument, commented on the absence of the witness, asking, "Why isn't she here?" The defendant claims this comment was prejudicial error and points to the fact that the jury were so concerned about the absence of the witness that, during their deliberations, they requested a city directory. The judge properly refused the request. We affirm, as the defendant did not properly preserve the issue of the prosecutor's comment for review and, in any event, the prosecutor's comment was proper in the circumstances of this case.

1. At a bench conference, the prosecutor informed the judge that he wanted to comment on the absence of the alibi witness and that he believed this was proper under the authorities. The judge replied, "I think that's the law." Defense counsel indicated that he had anticipated the prosecutor's request and had, therefore, attempted to have the defendant testify that the latter's brother had stated to the defendant that the witness had refused to come. The judge explained, "[Y]ou still can't bring it in that way," to which counsel replied, "I understand." The judge also pointed out that the defendant could subpoena the witness even if unwilling. Counsel then stated that the witness had not been found. He asked for permission to tell the jury in closing argument that he personally attempted to find her by making a trip to her apartment. The judge ruled that the prosecutor could comment on the absence of the witness and that defense counsel could state in final argument, although "not evidence," that he had tried to find her by looking for her at the address given by the defendant. The defendant did not object to this ruling. Moreover, he did not, at the time of the prosecutor's closing argument, object to the comment (although he made three other objections to the argument), nor did he request any instruction on this issue either before or after the judge's charge, although given the opportunity to do so. The defendant's claim

that he, in effect, objected "by presenting argument to establish that [the witness] was unavailable" and by requesting permission to explain defense counsel's personal efforts is without merit.

2. Even had the defendant properly objected,we conclude that the "posture of the case and the state of the evidence before the jury were such that comment by the prosecutor on the defendant's failure to call [the witness] was proper as a matter of State law." *Commonwealth* v. *Niziolek*, 380 Mass. 513, 520 (1980). The case against the defendant was strong. He had been positively identified by two witnesses as the man who had entered the apartment of one of them in the daytime. He was found with a screwdriver bulging from his pocket not long after the break, and he fitted the description given to the police by the two witnesses. Faced with that evidence, the defendant would naturally be expected to call as a witness the friend with whom he claimed he was at the time of the break-in.

The defendant argues that a crucial factor is missing as the availability of the witness has not been established. See *Commonwealth* v. *Niziolek*, 380 Mass. at 518. Availability, however, like the other factors a judge must consider in deciding whether comment is appropriate, depends on the "posture of the particular case and the state of the evidence." *Commonwealth v. O'Rourke*, 311 Mass. 213, 222 (1942). *Grady* v. *Collins Transp. Co.*, 341 Mass. 502, 506 (1960). Availability does not necessarily mean proof of actual physical whereabouts. Otherwise, a defendant by fabricating the existence of a witness could always preclude comment. What is meant by availability is "the likelihood that the party against whom the inference is to be drawn would be able to procure the missing witness' physical presence in court . . . ." *Commonwealth* v. *Happnie*, 3 Mass. App. Ct. 193, 197 (1975).

If it does not appear that the defendant can easily call the witness, see *Commonwealth* v. *Finnerty*, 148 Mass. 162, 167 (1889), or if there are reasons which make it unfair to draw the inference that the failure to produce the witness is inconsistent with innocence, the comment should, of course, not be permitted. *Commonwealth* v. *Franklin*, 366 Mass. 284, 294 (1974). Fairness also requires that the defense should be allowed to represent the relevant circumstances. See *id.* at 294-295. See also *Commonwealth* v. *Spencer*, 212 Mass. 438, 452 (1912) ("[t]he defendant always may relieve himself from any unfavorable inference by showing that by reason of the sickness or absence of the desired witness or from any other cause he has been unable to produce him").

Here, as we have earlier related, the judge heard counsel and carefully worked out what would be permitted to each counsel in argument. Despite the normal rule of precluding remarks made on the personal knowledge of counsel, the defendant's counsel was permitted to tell the jury in final argument that he went to the apartment and could not find the witness. There has been no showing why the prosecutor could not fairly

make the comment, compare *Commonwealth* v. *Domanski*, 332 Mass.
66, 71 (1954), in these circumstances, where the defendant by his claim of
alibi introduced the "emphatic" suggestion that he did have a witness who
could corroborate his story. See *Grady* v. *Collins Transp. Co.*, 341 Mass.
at 509; *Commonwealth* v. *Niziolek*, 380 Mass. at 518.

*Judgments affirmed.*

*Patricia A. O'Neill* for the defendant.
*William T. Walsh, Jr.*, Assistant District Attorney, for the Common-
wealth.