COMMONWEALTH vs. RAMON MONSALVE VASQUEZ.

No. 88-P-728.

Middlesex. January 18, 1989. — August 9, 1989.

Present: ARMSTRONG, SMITH, & FINE, JJ.

*Rape. Evidence,* Failure to produce witness. *Practice, Criminal,* Argument by counsel, Instructions to jury, Lesser included offense.

Where counsel at a criminal trial commented in closing argument that the jury might draw an adverse inference from the failure of the Commonwealth to call a certain witness to testify and had not first sought a ruling from the judge that there was sufficient foundation in the record for such an inference to be drawn, there was no error in the judge's interrupting the argument to instruct the jury that such an inference could not be drawn. [657-658]

At a criminal trial in which there was insufficient foundation in the record for an adverse inference to be drawn from the Commonwealth's failure to call a certain witness, there was no error in the judge's instruction to the jury that they could not draw such an inference. [659]

At the trial of an indictment for aggravated rape in which the defendant disputed whether a weapon was present during the incident, the judge properly submitted the lesser included offense of rape to the jury for consideration. [660-661]

There was no merit to a criminal defendant's claim of prejudicial error at his trial from the judge's failure to instruct the jury they were not to draw any adverse inferences from defense counsel's frequent objections. [661]

INDICTMENT found and returned in the Superior Court Department on July 2, 1987.

The case was tried before *Robert A. Barton,* J.

*Patricia A. O'Neill,* Committee for Public Counsel Services, for the defendant.

*Wendy J. Murphy,* Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant was indicted for aggravated rape and convicted by a jury of the lesser included offense of rape.[1] He has raised three issues on appeal. He claims that the judge: (1) improperly prevented defense counsel from commenting during closing argument on the nonproduction of a witness by the Commonwealth, (2) improperly instructed the jury, over the defendant's objection, that they could find the defendant guilty of the lesser included offense of rape, and (3) failed to instruct the jury that they should not draw any adverse inference from the fact that defense counsel had made frequent objections.

The Commonwealth introduced evidence from which the jury could have found: The victim and the defendant were married in 1984. They had one child from that marriage. In May, 1986, the victim separated from the defendant because he had frequently beaten her. She first moved into a one room apartment and then on August 22, 1986, with the assistance of the defendant, moved into a larger place. That evening the defendant let himself into the new apartment with his own key. He told the victim that he was entitled to stay there because he was paying the rent. She protested but she let him stay because she was afraid that he would become angry. She insisted, however, that he sleep on the loveseat.

During the early morning hours, the victim woke up to find the defendant fondling her. She resisted and fled to the bathroom. The defendant pushed open the door, grabbed the victim's hair and put a gun to her head. He told her to "[s]hut up or [he would] blow [her] head off." After taking her to the bed, he stated: "[Y]ou have to take care of me. You're still my wife." He then performed an act of anal rape on her. The defendant subsequently told the victim in a threatening manner not to tell anyone what had happened.

Later that morning the victim left her apartment with her son. After hiding for ten days, she returned to her apartment. Shortly thereafter, she told her mother what had transpired.

---

[1] The jury acquitted the defendant on an indictment that charged him with assault with a dangerous weapon, a firearm.

The victim did not immediately report the incident to the police because she did not realize that a husband could be charged with raping his wife. However, she spoke to Russell Young, a governmental official, who told her she could report her husband's actions to the authorities. After speaking with Young, the victim promptly reported the incident to the police. At the trial, both the victim's mother and a police officer gave "fresh complaint" testimony. The mother also testified that she observed bruises on the victim's shoulders. Young was not called as a witness.

The defendant did not testify, but did call three witnesses. The first witness testified that on August 25, 1986 (two days after the incident) the victim told her that "she was going to get [the defendant] for his money." The second witness testified that on August 25, 1986, the victim came to his house where the defendant was staying and that both behaved affectionately toward each other. The second witness' wife testified that after the incident, the victim was "constantly" looking for the defendant.

1. During his closing argument, defense counsel told the jury that they might infer from the Commonwealth's failure to produce Young as its witness that his testimony would have been adverse to the Commonwealth.[2] The judge immediately interrupted defense counsel's argument and instructed the jury that they could not draw an adverse inference from the Commonwealth's failure to call Young as a witness.[3] On appeal,

---

[2] Defense counsel's comment was as follows:

"Now, what we didn't hear in this case was from Russell Young. This was the immigration officer that [the victim] invited to her apartment in September and triggered her going to the police the next day. I suggest to you that Russell Young's lack of appearance at this trial is something that raises serious questions, and that you can infer that what Russell Young would say is not favorable to the prosecutor's side."

[3] The judge's comment was as follows:

"Excuse me for a moment, [defense counsel]. Ladies and gentlemen of the jury, counsel may, in their closing argument comment on the nonproduction of a witness, but before they do that, there must be established before the Court and jury that that witness is available to testify. There has been no testimony at this trial that that individual was available to testify."

the defendant claims that the interruption of counsel's closing argument and the judge's subsequent instruction to the jury were error.

The principle of law that is involved in this issue may be stated as follows: "Where a party has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case, the party would naturally offer that person as a witness. If, then, without explanation, he does not do so, the jury may, if they think reasonable in the circumstances, infer that that person, had he been called, would have given testimony unfavorable to the party." *Commonwealth* v. *Schatvet*, 23 Mass. App. Ct. 130, 134 (1986). In a given case, the jury's attention is drawn to the possibility of such an inference by either an instruction from the judge in his charge, or by a party in a closing argument. In any event, before any comment is made, the trial judge must rule, as matter of law, that there is a sufficient foundation for such inference in the record. *Commonwealth* v. *Schatvet*, *supra* at 135. *State* v. *Langlet*, 283 N.W. 2d 330, 335 (Iowa 1979) ("The sufficiency of the foundation for such inferences must first be determined by the court"). See also *Burgess* v. *United States*, 440 F.2d 226, 237 (D.C. Cir. 1970). Therefore, if counsel plans to argue to the jury that an inference may be drawn against the opposing party for failure to call a witness, the proper practice is first to obtain the permission of the trial judge to do so (*Commonwealth* v. *Earltop*, 372 Mass. 199, 207 [1977] [Hennessey, C.J., concurring]; *Commonwealth* v. *Melendez*, 12 Mass. App. Ct. 980, 980 [1981]), or risk interruption of his closing argument by the judge. Defense counsel in this case failed to follow this sensible practice. He cannot complain of the interruption of his closing argument, especially where his comments were improper in the circumstances.[4]

---

[4] Whether a judge should prevent an improper argument by stopping counsel during the argument or instead should wait until the conclusion of the argument, or correct the argument in his charge to the jury rests largely in his discretion. The *timing* of the interruption of the closing argument by the judge in this case was not an abuse of that discretion.

We add that appellate counsel was not trial counsel.

The foundation established in this record was not sufficient to require the judge to allow a "missing witness" comment. "Basic to the inference is the existence of evidence of physical availability of the witness, and the likelihood that he can be produced by summons or otherwise." *Commonwealth* v. *Franklin*, 366 Mass. 284, 293 (1974). Here, there was no evidence of the physical availability of Young. Further, "[a] party need not call everyone who might have information on a given subject, on pain, if he omits any, of suffering a jury inference that he is wrongly withholding damaging evidence." *Commonwealth* v. *Schatvet*, *supra* at 136. See also *Commonwealth* v. *Fulgham*, 23 Mass. App. Ct. 422, 426 (1987). No basis for the inference exists "when it appears that the testimony would be unimportant — merely corroborative of, or merely cumulative upon, the testimony of one or more witnesses who have been called." *Commonwealth* v. *Schatvet*, *supra* at 134. Contrast *Commonwealth* v. *Happnie*, 3 Mass. App. Ct. 193, 196-198 (1975), where the missing witness was the defendant's wife and her testimony would have gone to the pivotal issue in the case. Here, Young was not an eyewitness to the crime. The victim's conversation with him did not pertain to any element of the substantive crime, but only to her delay in reporting the incident to the police. While the delay may have been relevant on the issue of the victim's credibility, the delay according to the evidence was not caused solely by the victim's belief that a husband could not be charged with raping his wife. She testified that she initially failed to report the incident because it was an anal rape which made her feel "dirty" and humiliated. She also stated that she delayed in reporting the rape because she was frightened of the defendant who had physically abused her in the past and who had threatened her at the time of the incident, and warned her not to tell anyone about it. Because the victim's testimony about her fear and humiliation explained the delay, evidence from Young about her conversation with him was not crucial to the Commonwealth. Therefore, the judge did not commit error by instructing the jury that they could not draw an adverse inference from the Commonwealth's failure to call Young as a witness.

2. Before the judge charged the jury, the defendant asked him not to instruct on the lesser included offense of rape. The judge declined. He then instructed the jury that they could find the defendant guilty of the lesser included offense of rape if they found that the Commonwealth had proved the rape but had failed to prove that it occurred during the commission of an assault by means of a dangerous weapon. The defendant contends that, because he objected to it, the instruction should not have been given.

The test to determine if an instruction on a lesser included offense is required does not depend on whether there is an objection by the defendant or the Commonwealth but rather whether the evidence supports the giving of such instruction. *Commonwealth* v. *Santo*, 375 Mass. 299, 305 (1978). *Commonwealth* v. *Egerton*, 396 Mass. 499, 503 (1986). An instruction is not required "unless the proof on the 'elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.' " *Commonwealth* v. *Egerton*, *supra* at 504, quoting from *United States* v. *Brischetto*, 538 F.2d 208, 209 (8th Cir. 1976). See also *Sansone* v. *United States*, 380 U.S. 343, 349-350 (1965). Therefore, "the prosecution cannot go to the jury, over the objection of the defendant, on both the lesser and the greater offense unless an element which distinguishes the two is disputed." *United States* v. *Harary*, 457 F.2d 471, 478 (2d Cir. 1972). *Lightfoot* v. *United States*, 378 A.2d 670, 673 (D.C. App. 1977).

At trial, the Commonwealth proceeded on the basis that the rape was aggravated as defined in G. L. c. 265, § 22(*a*), because it was committed during the commission of an assault by means of a dangerous weapon, a gun. The factual element, therefore, that differentiated the greater crime (aggravated rape) from the lesser offense (rape) was the presence of the gun. The defendant contends that his defense was that the crime never occurred at all and that he never disputed the presence of the gun. Therefore, he argues that, because there was no dispute over the factual element differentiating the two crimes, the instruction should not have been given.

The record shows that the defendant did dispute the presence of the gun during the incident. Defense counsel elicited testimony on cross-examination from the victim and her mother that they never mentioned the use of a gun to the police. During defense counsel's closing argument, he stated that "no one testifies to seeing a gun before or after this event takes place. She says she saw a gun at that time. There's no gun introduced in evidence." Thus, contrary to the defendant's claim, the presence of the gun was disputed. The judge did not commit error in charging the jury on the lesser included offense because the jury could rationally "acquit[ ] the defendant of [aggravated rape] and convict[ ] him of [rape]." *Commonwealth* v. *Egerton*, 396 Mass. at 503, quoting from *Commonwealth* v. *Santo*, 375 Mass. 299, 305 (1978).

3. The defendant claims that the judge committed prejudicial error because he failed to instruct the jury that they were not to draw any adverse inferences from defense counsel's frequent objections. A reading of the judge's instructions demonstrates that the defendant's claim is without merit.

*Judgment affirmed.*