COMMONWEALTH *vs.* FRANCIS SENA, JR., & another.[1]

No. 89-P-758.

Middlesex. September 7, 1990. - October 29, 1990.

Present: SMITH, KAPLAN, & IRELAND, JJ.

*Evidence*, Failure to produce witness. *Practice, Criminal*, Instructions to jury.

In a criminal case, where the record contained sufficient foundation to warrant the judge's allowing defense counsel to comment on the Commonwealth's failure to call a certain witness, and where the judge stated he intended to instruct the jury on the matter, the judge's incorrect statement of the applicable law on that issue, in circumstances where the Commonwealth's evidence of guilt was conflicting and inconclusive, required reversal of the defendants' convictions. [466-469]

INDICTMENTS found and returned in the Superior Court Department on August 5, 1987.

The cases were tried before *Hiller B. Zobel*, J.

*Charles K. Stephenson* for William Strunz.

*Andrew Silverman*, Committee for Public Counsel Services, for Francis Sena, Jr.

*Rosemary D. Mellor*, Assistant District Attorney, for the Commonwealth.

SMITH, J. On August 5, 1987, a Middlesex County grand jury returned indictments charging the defendants, Francis Sena, Jr., and William Strunz, with various crimes ranging from assault and battery to mayhem.[2]

The defendants had a joint trial by a jury. At the close of the Commonwealth's case, the judge allowed Sena's motion

---

[1] William Strunz.

[2] Companion indictments were also returned against Daniel Foy and James Eager. Eager pleaded guilty to assault and battery prior to trial. Foy was convicted by the jury of assault and battery. Foy did not appeal his conviction.

for a required finding of not guilty as to one count of a two-count indictment for assault and battery by means of a dangerous weapon, as well as one count of a two-count indictment for mayhem. The judge also allowed Strunz's motion for required findings of not guilty on indictments which alleged that he had committed various offenses as a coventurer. The jury returned a guilty verdict against Sena on the indictment charging him with assault and battery on Tracy Ferrie. He was found not guilty of mayhem and assault and battery by means of a dangerous weapon. Strunz was found guilty of assault and battery on Scott Robbins. He was acquitted of all other charges.

On appeal, both defendants raise the same issue, namely, that the judge misinstructed the jury on the failure of the Commonwealth to call Robbins, one of the alleged victims, as a witness.

The indictments arose from an incident that occurred on March 16, 1987, in Framingham. At about 10:30 P.M. that evening, Robbins, accompanied by Ferrie, Marybeth Reardon, and Marjorie Ohrn, was driving in an easterly direction on Route 9 in Westborough. At the time, Eager, the two defendants, and Foy were driving in the same direction. The two automobiles were involved in a near collision and, thereafter, Eager drove his vehicle in a manner calculated to provoke Robbins into a game of "chicken." As Eager drove immediately beside and behind Robbins, through Southborough and into Framingham, angry words and gestures were exchanged. At one point, a passenger in Eager's automobile, — variously identified as Foy or Sena — threw a beer bottle at Robbins's automobile, breaking the rear window and showering Reardon with glass. Ferrie responded by throwing a bottle out of his window.

Both automobiles entered the parking lot of a hotel. The occupants spilled out and a fight started among them. The testimony as to the details of the fight was, as expected, conflicting. The evidence, however, established that Robbins was a key participant in the events of the evening of March 16. He was one of the first to exit an automobile at the parking

lot, and he was actively involved in the free-for-all which took place. Although the Commonwealth called the other occupants of Robbins's automobile and various eyewitnesses to testify, it did not call Robbins as a witness despite his presence in the courthouse.

At the close of all the evidence, Sena's counsel filed a written request for jury instructions which included a request that the jury be instructed it could draw an adverse inference from the Commonwealth's failure to call Robbins as a witness. The Commonwealth also filed a written request for instructions which included a proposed instruction regarding permissible and impermissible inferences that may be drawn by a jury from a failure to call "[c]ertain [w]itnesses." At the charge conference (see Mass.R.Crim.P. 24[b], 378 Mass. 895 [1979]), counsel for both defendants pressed the request for a missing witness instruction. After a lengthy discussion on the matter, the judge stated to counsel:

> "Bearing in mind the principles of the *Fulgham* case,[3] I am going to instruct the jury that the jury may consider the Government's not having called Scott Robbins as a witness, period. Counsel may argue what inferences they fairly think the absence portends."

The judge reiterated his ruling later during the conference. He stated: "With respect to the non-calling of a witness, I am going to tell the jury simply that they may consider the Government's not having called Scott Robbins as a witness."[4]

---

[3]It is evident that the judge's reference is to this court's decision in *Commonwealth* v. *Fulgham*, 23 Mass. App. Ct. 422 (1987). That opinion contains a discussion, at some length, of the various situations in which a trial judge may authorize counsel to comment, in closing arguments, concerning missing witnesses, and in which the judge may give instructions on the matter.

[4]We are puzzled by the judge's comments at the conference that indicated he planned to give the jury the "missing witness" instruction without apparently mentioning the adverse inference that the jury could draw under the circumstances.

A "missing witness" instruction that does not mention the adverse inference aspect would be meaningless.

Sena's counsel in her closing argument commented on the failure of the Commonwealth to call Robbins as a witness and suggested that had Robbins testified "it would not have helped the Commonwealth's case." Strunz's counsel did not comment at all in his closing argument on the Commonwealth's failure to call Robbins.

The only instruction that the judge gave to the jury in regard to the failure of the Commonwealth to call Robbins was as follows:

> "Your job is not to brand somebody. Your job is not to exonerate somebody. Your job is to decide whether the [g]overnment has proved certain facts beyond a reasonable doubt . . . . [Y]ou focus on the facts — has the [g]overnment proved beyond a reasonable doubt what it has to prove.
>
> "*You may consider in this the absence of evidence, the absence of a witness, but I urge you not to spend time debating why.*" (Emphasis added.)

At the close of the judge's instructions, counsel for both defendants objected to the instruction given by the judge concerning the "missing witness" and the failure to give the requested instruction on that point.[5] The judge was again requested by both counsel to instruct the jury that they may draw negative inferences from the failure of the Commonwealth to call Robbins as a witness. The judge, however, gave no further instructions on the point.

The defendants contend that the judge had ruled during the charge conference that he would instruct the jury that they could consider the Commonwealth's failure to call Robbins as a witness and further that defense counsel were au-

---

[5]Sena's counsel told the judge that she did not believe the judge had instructed "with respect to Scott Robbins." The judge answered that he "did mention Scott Robbins." The judge was mistaken. A review of the judge's instructions shows that he never mentioned Scott Robbins by name and the only reference to a missing witness is quoted in the body of this opinion.

thorized to argue that fact to the jury. They claim that the judge committed error when he thereafter told the jury that although they might consider "the absence of a witness," he "urge[d] [the jury] not to spend time debating why." The judge's instruction, according to the defendants, misstated the applicable principle of law with the result that they did not receive a fair trial.

The general rule governing the propriety of a comment by counsel or an instruction by a judge on the failure of a party to call a witness is that, "[w]here a party has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case, the party would naturally offer that person as a witness. If, then, without explanation, he does not do so, the jury may, if they think reasonable in the circumstances, infer that that person, had he been called, would have given testimony unfavorable to the party." *Commonwealth* v. *Schatvet*, 23 Mass. App. Ct. 130, 134 (1986). See *Commonwealth* v. *Zagranski*, 408 Mass. 278, 287 (1990); *Commonwealth* v. *Vasquez*, 27 Mass. App. Ct. 655, 658 (1989). Before any comment is made and before an instruction is given, "the trial judge must rule, as matter of law, that there is a sufficient foundation for such inference in the record. *Commonwealth* v. *Schatvet, supra* at 135." *Ibid.*

At the charge conference, the judge ruled that there was a sufficient foundation in the record to permit defense counsel to comment in their closing arguments on the failure of the Commonwealth to call Robbins as a witness and that the jury could, therefore, draw an inference adverse to the Commonwealth as a result.[6] Further, he gave a clear signal to

---

[6]Although the matter is not before us, we agree with the trial judge that there was sufficient foundation in the record to warrant comments by defense counsel and an instruction by the judge.

We do not suggest, however, that every time a sufficient foundation is established in the record a judge *must* allow comment by counsel and give an appropriate instruction to the jury. "This is a delicate area, requiring caution." *Commonwealth* v. *Zagranski, supra* at 287. "Circumspection in this matter is especially called for where the inference would run against a

counsel that he intended to instruct the jury on the matter. ("I am going to instruct the jury that the jury may consider the Government's not having called Scott Robbins as a witness, period.")

In these circumstances, "the trial judge has the duty to state the applicable law to the jury clearly and correctly. *Commonwealth* v. *Knapp*, 10 Pick. 477, 495 (1830). *Pleasants* v. *Fant*, 22 Wall. 116 (1874). *Sparf & Hansen* v. *United States*, 156 U.S. 51, 146 (1895)." *Commonwealth* v. *Corcione*, 364 Mass. 611, 618 (1974). The judge's instruction in regard to the failure of the Commonwealth to call Robbins did not meet that minimum standard.[7]

The judge never identified the missing witness as Robbins. His instruction that the absence of any witness was simply to be considered in evaluating whether the Commonwealth had met its burden of proof fell far short of conveying the critical point contained in the defendants' requests that the jury could, if they thought it reasonable in the circumstances, infer that Robbins would have testified unfavorably to the Commonwealth. See *Commonwealth* v. *Bryer*, 398 Mass. 9, 12 (1986). Equally damaging to the defendants was the judge's instruction to the jury "urg[ing them] not to spend time debating why" the witness was absent. That instruction removed from the jury's consideration the precise issue sought to be raised by the defendants, namely, that the reason the Commonwealth did not call Robbins as a witness was

---

defendant in a criminal prosecution, for the inference may come uncomfortably close to invading constitutional rights." *Commonwealth* v. *Schatvet*, *supra* at 135. Thus, a judge has an area of discretion in the matter, at least when the comment and instruction are requested by the Commonwealth, even when the foundation is sufficient.

[7]Because of our decision, we need not decide whether any reversible error resulted solely because of the change in the judge's charge from his ruling on this matter at the charge conference.

It would appear, however, that once a judge authorizes counsel at the charge conference to make a "missing witness" comment to the jury, the judge also must give a "missing witness" instruction to the jury. If the judge does not give such an instruction, the effect is to undercut counsel's closing argument.

that his testimony would have been adverse to the Commonwealth's case.

The error in the judge's instruction was not harmless. The evidence presented by the Commonwealth as to Sena's and Strunz's roles in the fight was conflicting and inconclusive. Sena testified that he acted solely as a peacemaker on the night in question. Self-defense and defense of another were very much at issue in the case presented by Strunz. Both defendants were entitled to have the jury consider the fair inferences to be drawn from the failure of Robbins to testify.

The judgments are reversed, and the verdicts set aside. The matter is remanded for a new trial.

*So ordered.*