COMMONWEALTH *vs.* LEWIS ANDERSON.

No. 90-P-1023.

Norfolk. March 8, 1991. - April 23, 1991.

Present: KASS, FINE, & IRELAND, JJ.

Further appellate review granted, 410 Mass. 1102 (1991).

*Evidence*, Failure to produce witness. *Practice, Criminal*, Instructions to jury.

At the trial of an indictment charging one prison inmate with assault and battery with a dangerous weapon on another inmate arising out of an incident in the prison's dining hall, there was reversible error, in the circumstances, in the judge's refusing to give an instruction requested by the defendant's attorney to the effect that the jury could infer that, had the alleged victim been called as a witness by the prosecution, his testimony would have been unfavorable to the Commonwealth. [475-478]

INDICTMENT found and returned in the Superior Court Department on January 24, 1990.

The case was tried before *Roger J. Donahue*, J.

*Nona E. Walker*, Committee for Public Counsel Services, for the defendant.

*James F. Lang*, Assistant District Attorney, for the Commonwealth.

FINE, J. A jury found the defendant, an inmate at M.C.I., Cedar Junction, guilty of assault and battery with a dangerous weapon, a razor shank, on another inmate, Charles Jenkins. The incident out of which the charge arose occurred in the prison dining hall. The defendant relied on self-defense at trial. Jenkins was not called as a witness. The defendant's appeal is based, in part, on the judge's refusal to give a "missing witness" instruction with respect to the Commonwealth's failure to call Jenkins. See *Commonwealth* v.

*Schatvet*, 23 Mass. App. Ct. 130, 134 (1986).[1] We agree that it was error, in the circumstances, not to give the instruction, and we, therefore, reverse the conviction.

The issue was dealt with in the following manner at trial. The Commonwealth presented its case through the testimony of five correction officers. The defendant called an inmate, not Jenkins, as his sole witness. At the close of the evidence, the defendant's attorney submitted written requests for instructions, including one to the effect that the jury could infer that, had Jenkins, the alleged victim, been called, his testimony would have been unfavorable to the Commonwealth. The judge indicated that he would give the instruction, thus implicitly ruling that the foundation for such an instruction had been adequately laid. Defense counsel did not refer to the missing witness issue in the course of her closing argument. Taking his cue from defense counsel, the prosecutor also did not mention it. The judge's charge did not include a missing witness instruction. Immediately following the charge, defense counsel called the judge's attention to the omission and requested that the instruction be given. The judge refused, stating as his reason that defense counsel had not referred to the missing witness issue in closing argument.

As the Commonwealth concedes on appeal, the reason given by the judge did not justify his refusal to give the instruction. To be sure, defense counsel's failure to cover the point in closing argument is puzzling. Having been promised by the judge that the instruction would be given, however, her choice to concentrate on another point, self-defense, in her closing did not amount to a waiver of her request for the instruction. Compare *Commonwealth* v. *Vasquez*, 27 Mass. App. Ct. 655, 658 (1989) ("In a given case, the jury's atten-

---

[1] "Where a party has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case, the party would naturally offer that person as a witness. If, then, without explanation, he does not do so, the jury may, if they think reasonable in the circumstances, infer that that person, had he been called, would have given testimony unfavorable to the party." *Commonwealth* v. *Schatvet*, 23 Mass. App. Ct. at 134.

tion is drawn to the possibility of such an inference by either an instruction from the judge in his charge, or by a party in a closing argument"). Cf. *Commonwealth* v. *Sena*, 29 Mass. App. Ct. 463 (1990).

The Commonwealth argues on appeal that a missing witness instruction would not have been proper in this case, and that the judge's decision not to give one was correct for that reason even if not for the reason given. We proceed to examine that contention.

Two of the five correction officers who testified witnessed the altercation between the defendant and Jenkins. Only one, who saw it from an observation tower located fifteen feet above the crowded dining hall, and twenty-five to thirty feet from the place in the dining room where the altercation began, testified that it began when the defendant "lunged" toward Jenkins. That correction officer and others testified that they observed the two inmates fighting and that Jenkins, the larger and more youthful of the two, ended up on top of the defendant. They testified further that Jenkins received lacerations as a result of the affray whereas the defendant had only minor injuries to his knuckles. The inmate who testified on behalf of the defendant described the fight and, in addition, testified about the background of the altercation (a turf dispute concerning use of a table in the dining hall), threats made by Jenkins to the defendant the preceding evening, and Jenkins' reputation for violence. No witness who testified was close enough to hear any of the verbal exchange which preceded the incident or to observe from close hand the first physical move.

As the alleged victim of the assault in which self-defense was claimed, Jenkins would naturally have been expected to testify for the Commonwealth. He was available, and no explanation was offered at trial for his absence. In these circumstances, the judge was warranted in deciding initially to give the instruction. See *Commonwealth* v. *Zagranski*, 408 Mass 278, 287 (1990); *Commonwealth* v. *Schatvet*, 23 Mass. App. Ct. at 134; *Commonwealth* v. *Vasquez*, 27 Mass. App.

Ct. at 658. Contrast *Commonwealth* v. *Resendes, ante* 430, 433-434 (1991).

The Commonwealth contends that given the reasons it failed to call Jenkins as a witness at trial, the judge should have refused to give the instruction. See *Commonwealth* v. *Fulgham*, 23 Mass. App. Ct. 422, 426 (1987). First, as a convicted and sentenced offender, Jenkins could be expected to be hostile, or at least not friendly, to the Commonwealth. Second, an informal prison "code" provides strong disincentives against inmates testifying against other inmates. And third, the jury would have learned that Jenkins is serving a sentence for murder. Had these contentions been made convincingly to the trial judge, he would have been acting properly within his discretion in denying the otherwise appropriate request for the instruction. He would not have been required, however, to deny the request.

We do not agree with the Commonwealth's further contention that the instruction should not have been given because any evidence from Jenkins would have been merely cumulative. As the alleged victim, Jenkins' opportunity to observe the defendant's actions and describe the circumstances was unique. Finally, the Commonwealth notes that courts have been directed to invite a missing witness inference with caution and only in clear cases. See *Commonwealth* v. *Zagranski, supra* at 287, 288. *Commonwealth* v. *Schatvet, supra* at 134-135; *Commonwealth* v. *Resendes, supra* at 433. Because of a possible conflict with a defendant's constitutional rights, the need for circumspection when the inference would run against a defendant is particularly appropriate. Here such concerns are not involved, the issue being one of fairness to a defendant.[2]

In sum, as we view the judge's initial decision to give the instruction as one properly within his discretion, we do not accept the Commonwealth's argument that a valid reason, other than the one offered by the judge, required that he deny the request for a missing witness instruction. Accord-

---

[2]We need not reach the defendant's alternative contention on appeal that the prosecutor's closing argument exceeded the bounds of propriety.

ingly, the judgment is reversed and the verdict set aside; the case to stand for a new trial.

*So ordered.*