COMMONWEALTH *vs.* ERNEST A. CALCAGNO.

No. 90-P-816.

Plymouth. April 5, 1991. - July 5, 1991.

Present: WARNER, C.J., BROWN, & GREENBERG, JJ.

*Indecent Assault and Battery. Evidence*, Prior misconduct, Failure to produce witness. *Practice, Criminal*, Argument by prosecutor.

At the trial of an indictment for indecent assault and battery on a child over the age of fourteen, the judge did not abuse his discretion by permitting the complainant to testify that the defendant had sexually abused her repeatedly over a long period, as relevant to his inclination to commit the act charged. [26-28]

At the trial of an indictment for indecent assault and battery on a child over the age of fourteen, the prosecutor's improper reference, during closing argument, to the defendant's failure to call the complainant's mother as a witness was adequately dealt with in the judge's curative instructions to the jury. [28-30]

At a criminal trial, the prosecutor's improper comment concerning the demeanor of the complainant's mother, who did not testify, did not, in the circumstances, create a substantial risk of a miscarriage of justice. [30-31]

At a criminal trial, it was proper for the prosecutor to refer, during closing argument, to the complainant's difficulty in testifying and the consequent likelihood that her testimony was truthful. [31]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on March 14, 1988.

On transfer to the jury session of the Wareham Division, the case was tried before *Patrick J. Hurley*, J.

*Donald A. Harwood* of New York, for the defendant.

*Linda M. Fleming*, Assistant District Attorney, for the Commonwealth.

WARNER, C.J. The defendant was convicted after trial before a District Court jury of six of indecent assault and battery on a child over the age of fourteen. On appeal, he argues that (1) the court erroneously admitted evidence of

his prior sexual activity with the victim, and (2) the prosecutor improperly commented on his failure to call a witness and made other improper statements during closing argument.

The Commonwealth produced evidence of the following. The defendant, the victim's mother's boyfriend, had been a daily visitor to the victim's home since she was six or seven years old. He was charged with a single act of sexual abuse, which occurred in November, 1986, when the victim was seventeen years old. At that time, he entered the victim's bedroom while she was sleeping and fondled her pubic area. She told him that she was tired and wanted to go to sleep. He continued for several minutes before stopping. The Commonwealth's case was based on the victim's testimony and the testimony of four fresh complaint witnesses.

The defendant did not call any witnesses. He relied on cross-examination to show that the victim had a poor relationship with her mother and to argue that for this reason she had fabricated the accusations of sexual abuse.

1. Over the defendant's objection, the victim was permitted to testify that the defendant had sexually abused her in the past. She testified in detail about two specific instances, one occurring in the defendant's car when she was sixteen years old and the other occurring in her home approximately four months before the incident at issue. She further testified that the defendant had been sexually abusing her since she was nine years old and that he had "always" told her not to tell anyone about it or they would both get into trouble.

"It is well settled that the prosecution may not introduce evidence that a defendant previously has misbehaved, indictably or not, for the purposes of showing his bad character or propensity to commit the crime charged, but such evidence may be admissible if relevant for some other purpose." *Commonwealth* v. *Helfant*, 398 Mass. 214, 224 (1986), and cases cited. Among the purposes for which the evidence may be introduced are to show a pattern of conduct, intent, and the relationship between a defendant and a victim. *Id.* at 224-225. See *Commonwealth* v. *Mamay*, 407 Mass. 412, 417-418 (1990). Evidence of other acts of illicit sexual activity be-

tween the same parties, "if not too remote in time, is competent to prove an inclination to commit the [acts] charged in the indictment. . . and is relevant to show the probable existence of the same passion or emotion at the time in issue." *Commonwealth* v. *King*, 387 Mass. 464, 470 (1982), quoting from *Commonwealth* v. *Bemis*, 242 Mass. 582, 585 (1922). The Supreme Judicial Court has "held that testimony concerning other sexual contacts between the parties is admissible to 'render it not improbable that the act might have occurred.'" *Commonwealth* v. *King*, *supra* at 470, quoting from *Commonwealth* v. *Piccerillo*, 256 Mass. 487, 489 (1926). In this case, the evidence of prior sexual acts was highly probative. It demonstrated the defendant's long-standing desire for sexual contact with the victim and his long-term pattern of indulging that desire. It was thus relevant to show the defendant's "inclination" to commit the act charged and his "passion" for the victim. See *Commonwealth* v. *King*, *supra*.

The defendant argues that the undue prejudice of the testimony concerning acts that occurred when the victim was nine years old outweighed its probative value, especially because these events were too remote in time. "There is no bright-line test for determining temporal remoteness of evidence of prior misconduct. Where the prior misconduct is merely one instance in a continuing course of related events, the allowable time period is greater. Where the logical relationship between the charged and uncharged offenses is more attenuated, a time span of fifteen minutes may be too much." *Commonwealth* v. *Helfant*, *supra* at 228 n.13, and cases cited (citations omitted). In *Helfant*, testimony concerning sexual acts between the defendant and other victims which occurred three years apart was held admissible to show the defendant's plan, scheme, or state of mind because the conduct was nearly identical to the offense charged. *Id.* at 224-229. See *Commonwealth* v. *Machado*, 339 Mass. 713, 714-715 (1959) (evidence that the defendant and victim had sexual relations six months after the date of the statutory rape charged was admissible as a "later event[] of a like nature").

Contrast *Commonwealth* v. *Yelle,* 19 Mass. App. Ct. 465, 468-471 (1985). Here, the victim testified to similar acts of abuse perpetrated by the defendant "at least three times a month" from the time she was nine years old until she reached the age of seventeen. Because the testimony concerned abuse which occurred continually up to the time of the incident which was the subject of the present complaint, the evidence had a strong logical connection to the crime charged. Further, it put the single instance of abuse charged into a comprehensible context by providing the jury with "a view of the entire relationship between the defendant and . . . the . . . victim[ ]." *Commonwealth* v. *Young,* 382 Mass. 448, 463 (1981). See *Commonwealth* v. *Drew,* 397 Mass. 65, 78-80 (1986); *Commonwealth* v. *Mora,* 402 Mass. 262, 267-268 (1988). Finally, the judge carefully instructed the jury that the evidence of prior acts could be used solely to show "knowledge, intent, motive, or method, material to the proof of the crime charged," and not as proof that the defendant committed the crime charged, that he had "a criminal personality or bad character," or that, "if the defendant committed the other acts, he must also have committed this particular act." "Questions of relevancy and prejudicial effect are entrusted to the trial judge's discretion and will not be disturbed except for palpable error." *Commonwealth* v. *LaSota,* 29 Mass. App. Ct. 15, 24 (1990). There was no abuse of discretion.

2. During closing argument, the prosecutor commented on the defendant's failure to call the victim's mother as a witness.[1] The defendant objected, and the judge immediately ordered the comment struck. After closing arguments were

---

[1]The prosecutor stated: "If that young woman [the victim] was nearly as bad at dating boys, and terrible discipline problems, and all that stuff, why didn't they call her [the mother]. She's sitting there through this whole trial and every word, staring her daughter down. Sitting in his [the defendant's] lap, practically, throughout this trial, hoping that you would (inaudible) a message that if she believes him, and she's sitting with him, then you (inaudible)."

In her opening statement, the prosecutor noted that the victim's mother was present in the courtroom. During direct examination of the victim, the prosecutor again established that the victim's mother was present.

completed, defense counsel moved for a mistrial based on the comment.

The remark was improper. "[T]he rule of law relevant here runs thus. Where a party has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case, the party would naturally offer that person as a witness. If, then, without explanation, he does not do so, the jury may, if they think reasonable in the circumstances, infer that that person, had he been called, would have given testimony unfavorable to the party." *Commonwealth* v. *Schatvet*, 23 Mass. App. Ct. 130, 134 (1986). *Commonwealth* v. *Resendes*, 30 Mass. App. Ct. 430, 432 (1991). "[B]efore any comment is made, the trial judge must rule, as matter of law, that there is a sufficient foundation for such inference in the record. Therefore, if counsel plans to argue to the jury that an inference may be drawn against the opposing party for failure to call a witness, the proper practice is first to obtain the permission of the trial judge to do so. . . ." *Commonwealth* v. *Vasquez*, 27 Mass. App. Ct. 655, 658 (1989) (citations omitted). See *Commonwealth* v. *Schatvet*, *supra* at 135; *Commonwealth* v. *Sena*, 29 Mass. App. Ct. 463, 467 (1990).

The prosecutor did not lay an adequate foundation, nor did she obtain permission from the judge, for her reference to the defendant's failure to call the the victim's mother as a witness. In fact, the record gives no indication that her testimony would have been other than cumulative of the testimony presented, which showed that she and her daughter did not get along well. The victim, along with other prosecution witnesses, testified that she and her mother had a tense relationship, and that they argued about curfews, the victim's association with girlfriends and boys, and chores. The victim testified that she moved to her father's home for several months in early 1986 because she had a fight with her mother. She again left home after the incident charged because, having informed her mother about the abuse, she felt

that her mother treated her harshly, and she was unsatisfied by her mother's offer merely to put a lock on the victim's bedroom door. A prosecution witness testified that the victim had told her that her mother had tried to place her with the Department of Social Services. Nothing in the record indicates that the victim's mother would have provided additional significant evidence. Thus, there was no basis for the jury's drawing a negative inference from the defendant's failure to call her as a witness. See *Commonwealth* v. *Schatvet, supra* at 134; *Commonwealth* v. *Fulgham*, 23 Mass. App. Ct. 422, 426-427 (1987).

In the circumstances, however, the prosecutor's improper comment could not have harmed the defendant. It implied only that the victim's mother might have testified that the victim was not the discipline problem the defendant had attempted to portray: "If that young woman was nearly as bad at dating boys, and terrible discipline problems, and all that stuff, why didn't they call her." See note 1, *supra.* Had the jury been influenced by the remark, it would not have undermined the defendant's strategy. The defendant relied on evidence of the tense relationship between the victim and her mother to argue that the victim had fabricated her accusations. Whether she was actually a discipline problem was irrelevant to the success of that strategy. Furthermore, the judge immediately had the prosecutor's reference to the absent witness struck. He carefully instructed the jury that closing arguments are not evidence, that the defendant is presumed innocent, that he need not testify or call witnesses, and that the burden of proof never shifts from the Commonwealth. "The jury are presumed to follow the judge's instruction[s]." *Commonwealth* v. *Pope*, 406 Mass. 581, 588 (1990).

For the first time on appeal, the defendant argues that the prosecutor's statement that the victim's mother was "staring her daughter down" and that she was nearly sitting in the defendant's lap, attempting to convey her belief in his innocence, see note 1, *supra*, was based on facts not in evidence

and was an improper attempt to play on the jury's prejudices. The remark was improper. The victim's mother was merely an onlooker at the trial, and the reference to her demeanor was a comment on facts not in evidence. See *Commonwealth* v. *Kozec*, 399 Mass. 514, 516 (1987). However, the remark did not attack the "heart" of the defendant's case. See *id.* at 518. Contrast *Commonwealth* v. *Shelley*, 374 Mass. 466, 470-471 (1978). In fact, it implied that the victim's mother supported the defendant's innocence, rather than the victim's testimony. Moreover, the judge forcefully instructed the jury that their decision must be based on a fair and impartial consideration of the facts in evidence, that they were not to be swayed by sympathy or prejudice, and that closing arguments and statements of counsel were not evidence. See *Commonwealth* v. *Kozek*, *supra* at 518. The improper remark created no substantial risk of a miscarriage of justice. *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 416 (1978).

Finally, the defendant objected to the prosecutor's reference, in closing argument, to the victim's difficulty in testifying about sexual abuse, and the consequent likelihood that her testimony was not a fabrication. The remark was made in the context of a lengthy argument concerning the credibility of the victim and was based on facts in evidence. The prosecutor referred to the victim's statement that it had been difficult for her to discuss the subject with a male police officer, adverted to her demeanor as she gave that testimony, and asked the jury to infer that she had no motivation to lie. "It is not improper to make a factually based argument that, due to the demeanor, disclosed circumstances, and appearance of a witness, a particular witness should be believed or disbelieved." *Commonwealth* v. *Kozec*, *supra* at 521. Compare *Commonwealth* v. *McLeod*, 30 Mass. App. Ct. 536 (1991). There was no error.

*Judgment affirmed.*