A Superior Court jury found the defendant, Luis Cirino, guilty of assault and battery (two counts), intimidation of a witness, and strangulation.[2] On appeal, he contends that the admission of prior bad act evidence at his trial was reversible error. We affirm.
Discussion. "It is well settled that the prosecution may not introduce evidence that a defendant previously has misbehaved, indictably or not, for the purposes of showing his bad character or propensity to commit the crime charged, but such evidence may be admissible if relevant for some other purpose." Commonwealth v. Helfant, 398 Mass. 214, 224 (1986). See Mass. G. Evid. § 404(b) (2018). Relevant purposes include showing a common scheme or pattern of operation, the absence of accident or mistake, the defendant's intent or motive, see Helfant, supra at 224-225; Commonwealth v. Anestal, 463 Mass. 655, 665 (2012), and to explain "the entire relationship" between the defendant and the victim, Commonwealth v. Young, 382 Mass. 448, 463 (1981).
" '[I]f relevant for some other purpose,' and if the probative value outweighs the risk of unfair prejudice, the judge may, in his discretion, admit evidence of a defendant's prior bad acts." Anestal, supra, quoting from Commonwealth v. McCowen, 458 Mass. 461, 478 (2010). "Whether evidence of prior bad acts is relevant, and whether the probative value of such evidence is outweighed by its potential for unfair prejudice, are determinations committed to the sound discretion of the trial judge and will not be disturbed by a reviewing court absent 'palpable error.' " McCowen, supra, quoting from Commonwealth v. Fordham, 417 Mass. 10, 23 (1994).
The defendant and the victim lived and worked together and were romantically involved. On the day of the incident, however, the defendant was not speaking to the victim. They were fighting on the way home from work when the defendant, who was driving, pushed the victim's face against the car window. He then parked the car and tried to pull the victim out by the hair. He called her "a no-good slut, dirty whore." As they wrestled on the ground beside the car, he grabbed the victim's telephone from her hands and put it in the trunk so she could not call 911. By the end of the incident the defendant had nearly torn all of the victim's clothing off of her body.
The challenged evidence concerned the defendant's relationship with the victim and prior altercations between them. The victim testified that their once happy relationship had deteriorated to the point that the defendant regularly called her "whore" and "slut." If she greeted their dogs in the morning before saying good morning to the defendant, he would refuse to speak to her for the rest of the day.[3] After one prior argument inside a parked car, the defendant tried to physically remove her and pushed her head against the side of the car. In another argument that took place at their home, the defendant pushed some items off a home entertainment center, smashing them on the floor, and then smashed the victim's telephone in the driveway. On this occasion, she tore at his clothes and ripped his shirt.
The judge properly exercised her discretion to admit testimony about the conduct described above, and to exclude other conduct.[4] Evidence of prior abuse or violence in a relationship may be relevant for several permissible purposes. See Commonwealth v. Jordan, 397 Mass. 489, 492 (1986) ("Evidence of the prior beatings and mistreatment of the victim was probative of the defendant's mental state and his intent at the time of the offenses"); Commonwealth v. Hunter, 416 Mass. 831, 837 (1994) (evidence of hostile relationship with victim relevant to defendant's motive); Commonwealth v. Calcagno, 31 Mass. App. Ct. 25, 28 (1991) (evidence of prior sexual abuse of victim relevant to "put the single instance of abuse charged into a comprehensible context"). Cf. Commonwealth v. Eugene, 438 Mass. 343, 348 (2003) (evidence that murder victim had obtained abuse prevention order against defendant admissible "to demonstrate the existence of a hostile relationship, as the relationship may be relevant to the defendant's motive to kill").
All of the prior bad act evidence admitted concerned the defendant's relationship with the victim, gave context to the incident for which he was charged, was probative of his intent, and showed that his actions were part of a larger pattern. We discern no error or abuse of discretion in the admission of the individual bad acts or in the judge's determination that their combined admission did not constitute "piling on" that results in the risk of unfair prejudice outweighing probative value. See Commonwealth v. Mills, 47 Mass. App. Ct. 500, 505 (1999) (noting dangers of "piled on" prior bad acts, even when acts are offered for legitimate purpose). In addition, the judge gave a powerful limiting instruction regarding how the jury could use the evidence, both at the time that the evidence was offered and during the final charge.
Judgments affirmed.

The defendant was tried on five counts of an indictment alleging, in counts one and two, assault and battery by means of a dangerous weapon ("shod foot" and "the ground," respectively) on a pregnant person, G. L. c. 265, § 15A(c )(ii) ; in count three, intimidation of a witness, G. L. c. 268, § 13B ; in count four, assault and battery on a pregnant person, G. L. c. 265, § 13A(b )(ii) ; and, in count five, strangulation on a pregnant person, G. L. c. 265, § 15D(c )(ii). The assault and battery verdicts were returned as lesser-included offenses of counts two and four. The strangulation verdict was returned as a lesser-included offense of count five. The jury acquitted the defendant of count one.

The victim was not permitted to testify that he would also hurt the dogs.

Before the jury were empanelled, the judge decided the Commonwealth's motion in limine to admit prior bad act evidence. She "weighed whether the evidence the Commonwealth seeks to admit is probative and whether the probative value is outweighed by the danger of unfair prejudice." She admitted the evidence described above, but excluded one incident, in which the defendant slammed the victim against a wall and put her head through a glass window, as "being cumulative and prejudicial." She also excluded evidence that he hurt the dogs as "unduly prejudicial."