COMMONWEALTH *vs.* THOMAS F. BRIGHAM. No. 91-P-481. March 26, 1992. *Rape. Evidence*, Prior misconduct. *Practice, Criminal*, Instructions to jury.

Based almost entirely on the complainant's testimony, the defendant was convicted on two indictments for rape of a child (G. L. c. 265, § 23) after a jury trial in the Superior Court. The defendant was sentenced to life

imprisonment at M.C.I., Cedar Junction on one indictment, which was to run consecutively to a term of not less than fifteen years on the other indictment (later amended to not less than ten years after review under G. L. c. 278, § 28B). The defendant appeals from his convictions. After reviewing the entire record, we conclude there was no error.

1. *Evidence of similar misconduct.* Although the Commonwealth elected to try the defendant on two alleged occurrences in 1982 and 1984,[1] the judge, after the defendant's timely objections, permitted the complainant to chronicle a continuing course of sexual molestation by the defendant over several years, both before and after the events covered by the indictments. The complainant first met the defendant in 1980, when he started delivering a daily newspaper to the defendant's home. The complainant was then a boy almost ten years old. They became friendly, and the boy began to stop at the defendant's house frequently. Later, things changed. On the defendant's initiative the defendant would "masturbate" the complainant and perform "oral sex" on him. The judge also permitted the complainant and his cousin to relate a "swimming pool" incident, which occurred, to the best of their mutual recollections, in the summer of 1983.[2] Both boys told the jury of a "game," suggested by the defendant, in which they would try to remove each other's bathing suits.

During the presentation of this evidence, offered by the Commonwealth as indicative of a plan or scheme which placed the principal charges in context, the judge appropriately instructed the jury as to its limited probative value, and employed the cautionary language suggested in the leading cases. *Commonwealth* v. *Chalifoux*, 362 Mass. 811, 815-816 (1973). ("[E]vidence of other criminal or wrongful behavior may not be admitted to prove the character or propensity of the accused. . . .") *Commonwealth* v. *Gallison*, 383 Mass. 659, 672 (1981) ("[E]vidence of other criminal behavior may not be admitted to prove the propensity of the accused to commit the indicted offense. . ."). He repeated, in his final instructions to the jury, that such evidence was competent where it has a tendency to show "a plan or a common scheme or a state of mind." See *Commonwealth* v. *Campbell*, 371 Mass. 40, 43 (1976), and cases cited; *Commonwealth* v. *King*, 387 Mass. 464, 472 (1982), and *Commonwealth* v. *Yelle*, 19 Mass. App. Ct. 465, 471-472 (1985).

---

[1] The grand jury returned two indictments against the defendant on May 19, 1987. The first, as elaborated by the Commonwealth's response to the order allowing the defendant's motion for a bill of particulars, alleged an offense which occurred between the first and last days of November, 1982, in the kitchen of the defendant's home. The second, also detailed in response to the order granting the motion for a bill of particulars, alleged an offense which occurred on or about September 16, 1984, in the defendant's camper which was parked in the back yard of his residence.

[2] The defendant objected to this testimony prior to the impanelment of the jury and the judge conducted an extensive voir dire prior to allowing the introduction of the testimony at trial.

Contrary to the defendant's contention, the evidence of the other sexually offensive behavior had legitimate probative value. Proof of this conduct tended to show a pattern of behavior. *Commonwealth* v. *Gallison, supra* at 672-674. *Commonwealth* v. *Fleury-Ehrhart*, 20 Mass. App. Ct. 429, 431 (1985). The complainant's narrative of similar acts permitted the jury to understand "the entire relationship between the defendant the [the victim]." *Commonwealth* v. *Young*, 382 Mass. 448, 463 (1981). The complainant's testimony as to the prolonged course of the sexual assaults by the defendant demonstrated the defendant's "inclination" to commit the acts charged. See *Commonwealth* v. *Calcagno*, 31 Mass. App. Ct. 25, 27 (1991). Contrast *Commonwealth* v. *Cokonougher, ante* 54 (1992) (past maternal neglect of another child did not have necessary schematic nexus with conduct toward the victim in a murder trial where the mother was the defendant). The cousin's testimony was also admissible even though he was not involved in any of the crimes charged. *Commonwealth* v. *King, supra* at 469-473 (evidence of the defendant's sexual conduct with a child not named in the indictment has probative value and is admissible). It is evident from the entire record that this case falls within the line of cases allowing admission of prior wrongful acts to show the defendant's intention and pattern of conduct.

2. *Admission of investigation testimony.* The Commonwealth called the investigating police officer as a final witness. Earlier, as the result of a defense motion in limine, the judge excluded the officer's fresh complaint testimony. There may well have been other articulable reasons for the Commonwealth to have called him, but they appear unrelated to the prosecutor's main purpose. Immediately after identifying himself, the officer testified that he was conducting an investigation of the defendant in March of 1986 and, pursuant to that investigation, he placed a telephone call to the complainant's residence. While this testimony was inadmissible, defense counsel failed to object. Although the defendant subsequently moved for a mistrial, the question is still whether the testimony created a substantial risk of a miscarriage of justice. *Commonwealth* v. *McGahee*, 393 Mass. 743, 749 (1985). The officer's testimony was brief. The fact of the ongoing investigation was mentioned once.

Furthermore, the judge immediately repaired any damage and forcefully instructed the jury that he was "going to strike the testimony . . . with respect to anything that led [the officer to inquire] of this defendant. . . . I want you to put it completely out of your mind." The curative instruction could not have been clearer and constituted a prompt repair for whatever prejudice resulted from the officer's testimony. See *Commonwealth* v. *Andrews*, 403 Mass. 441, 449-450 (1988) (judge's "immediate and forceful curative instruction" to the jury and his striking the witness's remarks

were sufficient to overcome any prejudice to the defendant). No substantial risk of a miscarriage of justice occurred.

*Judgments affirmed.*

*J. Russell Hodgdon* for the defendant.

*Linda M. Fleming*, Assistant District Attorney, for the Commonwealth.