COMMONWEALTH vs. ANDY McLEOD.[1]

No. 93-P-1369.

Hampden. September 6, 1995. - November 30, 1995.

Present: SMITH, GILLERMAN, & FLANNERY, JJ.

*Practice, Criminal*, Assistance of counsel. *Evidence*, Prior misconduct.

At the trial of indictments for sexual abuse of children, the admission in evidence of other conduct of the defendant toward the witnesses that cast the defendant in a bad light was not shown to be harmful error resulting from ineffective assistance of counsel, where much of the evidence was admissible and not clearly objectionable, was consistent with defense strategy and did not deprive the defendant of a good defense or refute his exculpatory explanations. [462-464]

INDICTMENTS found and returned in the Superior Court Department on June 14, 1991.

The cases were tried before *William W. Simons*, J.

*John D. Fitzpatrick* for the defendant.

*Domenic D. Perito* for the Commonwealth.

FLANNERY, J. A Superior Court jury found the defendant guilty of forcible rape of a child (five counts), indecent assault and battery on a person over fourteen years of age (two counts), and indecent assault and battery on a child under fourteen (seven counts). The complainants were two foster children and the defendant's biological daughter. Each of them testified, and their testimony, if believed, would amply support the jury's verdicts. The defendant does not argue otherwise. Rather, he urges that his trial counsel was ineffective for failing to object to copious evidence of unrelated bad acts, and that his convictions must be reversed for that rea-

---

[1]The defendant's surname is spelled McCleod in the indictments.

son. See Liacos, Massachusetts Evidence § 4.4.8 (6th ed. 1994). As there was no error, we affirm the convictions.[2]

The prosecution's witnesses, in addition to telling of the defendant's sexual misconduct toward them, testified without objection to other conduct by the defendant that cast him in a bad light. He used sexually graphic language with them; he encouraged the two foster children to have sex with his teenage stepson; he caused his daughter to miss school (in order to rape her), and he demeaned her (by pouring ketchup on her and putting a whole potato in her mouth) and was physically cruel to her; and he had a lock on the family refrigerator.

The defense contends that the admission in evidence of such irrelevant matters (and others like them, e.g., the prosecution suggested on cross-examination that the defendant's son was doing poorly in school because the defendant made him work at night) was harmful error resulting from ineffective assistance of counsel, necessitating a new trial.

To those contentions the Commonwealth responds that much of the evidence was admissible, see *Commonwealth* v. *King*, 387 Mass. 464 (1982), and its progeny, that counsel's failure to object was a tactical decision for which he should not be second-guessed, and that counsel's failure, if there was one, did not deprive the defendant "of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

The Commonwealth is correct that a strategic decision by counsel is not ineffective assistance merely because it is unsuccessful. *Commonwealth* v. *Swan*, 38 Mass. App. Ct. 539, 541 (1995). The defendant here denied the accusations, and his several witnesses professed ignorance of the incidents, so the complainants' credibility was in issue. A possible defense strategy would have been to suggest that the complainants

---

[2]While often better raised through a motion for new trial, we agree with the parties that the ineffective assistance claim in this case may be resolved on direct appeal from the defendant's conviction in that the factual bases for the claim appear indisputably on the trial record. See *Commonwealth* v. *Adamides*, 37 Mass. App. Ct. 339, 344 (1994), and cases cited.

were motivated to accuse the defendant falsely. Not objecting to evidence of miscellaneous hostile incidents between the defendant and his accusers would be consistent with that strategy. Thus, in his summation here, defense counsel took that tack: "Could it be that if these girls made these complaints they could get even?" Compare *Commonwealth* v. *Williams*, 25 Mass. App. Ct. 210, 214 (1987).

Next, this is not a case in which counsel's failure, if any, deprived the defendant of a good defense or refuted his exculpatory explanation. This defendant was not, for example, offering an alibi that was contradicted by excludable evidence to which his lawyer did not object. Reduced to its essence, the defense was that the complainants were not telling the truth. Evidence that the girls had reason to detest the defendant for his uncharged bad acts would fit nicely with that theory.

Finally, we agree with the Commonwealth that much of the now challenged evidence was admissible. "Where evidence of other crimes, wrongs, or acts is relevant in establishing motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, a particular way of doing an act or a particular skill, the evidence may be admitted if its probative value is not substantially outweighed by any prejudice." Liacos, Massachusetts Evidence § 4.4.6, at 155.

The defendant's contention here is necessarily two-fold: first, that it would have been an abuse of discretion had the trial judge overruled an objection to the evidence of the defendant's bad acts, *Commonwealth* v. *King*, 387 Mass. at 472, and, second, that the evidence was so obviously inadmissible that the failure of counsel to object to it was ineffective assistance. It follows that, if the evidence was admissible or arguably so, the second part of the defendant's contention is not reached.

This case is not one in which the line between inadmissible propensity evidence and admissible pattern evidence is difficult to discern. Nor is it one in which the uncharged bad acts are so remote or unrelated that their only function can be to

inflame the jury against the defendant as a generally evil man. See, for example, *Commonwealth* v. *Triplett*, 398 Mass. 561, 562-564 (1986); *Commonwealth* v. *Brusgulis*, 406 Mass. 501, 504-507 (1990). Rather, the evidence here was probative of the relationships between the defendant and the complainants, his control of those relationships, and the pattern or consistency of his behavior. See *Commonwealth* v. *Young*, 382 Mass. 448, 463 (1981) (relationships); *Commonwealth* v. *Brigham*, 32 Mass. App. Ct. 935, 937 (1992) (pattern); *Commonwealth* v. *Walker*, 33 Mass. App. Ct. 915, 916 (1992) (control). See also *Commonwealth* v. *Helfant*, 398 Mass. 214, 224-225 (1986). The jury could reasonably have considered such evidence to be corroborative of the complainants' veracity, which was directly challenged. See *Commonwealth* v. *Lanning*, 32 Mass. App. Ct. 279, 283 (1992).

We conclude that the testimony about the defendant's mistreatment of his daughter, his encouragement of the two foster children to have sexual relations with his stepson, and his frequent sexual explicitness was not clearly objectionable. Therefore, defense counsel's failure to object to it was not ineffective assistance. Assuming that certain other testimony was objectionable (e.g., that the defendant kept a lock on the refrigerator and required his son to work when he should have been studying), counsel's failure to object to it was not ineffective assistance in light of his theory that "these girls" were spiteful toward the defendant. Moreover, if this latter evidence had been admitted over objection, it would have been at worst harmless error. Thus, this defendant cannot show "that better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977).

*Judgments affirmed.*