Shirley Marie Harper, the appellant, was indicted for attempted murder in violation of § 13A-4-2 and §13A-6-2, Code of Alabama 1975. She was ultimately convicted of first degree assault under § 13A-6-20, Code of Alabama 1975. The court sentenced her to a term of fifteen years' imprisonment. Two of the fifteen years are actually to be served, with the remainder of the sentence suspended pending appellant's good behavior on probation. Appellant was also ordered to pay $1,500 in restitution to the victim.
The evidence tended to show that the appellant had been living with her boyfriend *Page 1138 
for about seven months with the intent to marry him. The boyfriend, however, had decided against the marriage because of their frequent fights in the past months. On November 23, 1985, appellant was particularly upset at her boyfriend because he was about to go out for the evening and had told her that she could not go with him. This situation grew into a heated argument and the boyfriend telephoned appellant's mother and told her that he was going to send appellant back home to her. This made the appellant even more furious and she stood in front of her boyfriend, screaming at him, and would not let him pass. He finally pushed her back into the wall out of his way and walked past her into the den. Appellant grabbed a knife from the kitchen and confronted her boyfriend again. She showed him the kitchen knife and said, "Okay, you push me again." At that time, he grabbed a nearby wire shoe rack and "went into [appellant] trying to free the knife from her hand." The shoe rack fell apart on impact, so the boyfriend grabbed appellant around her arms and threw her to the floor. He then told her that "[she] better know what [she's] doing when [she] draw[s] a weapon on somebody." He said: "You're leaving so we don't have to go through all that, we can just handle this intelligently because you're leaving anyway." The boyfriend then went to take a quick shower, thinking the appellant had gone into the back room to sulk. After he had finished his shower and was standing in front of his bedroom doorway wearing only his underwear, he discovered she was standing opposite him with a gun aimed in his direction. Appellant called out his name in a rage, "Eddie!" and he stood frozen still in the doorway. Appellant fired, striking him in the left side with the first bullet. As he then jumped to his right, she fired again, striking him in the right side of his body. In a panic, he dashed into a closet and held the door shut as he crouched in the corner. Appellant then fired twice more into the closet. After all was quiet, Eddie peeped out of the closet to make sure appellant was gone. He then looked for the telephone so that he could call an ambulance, but the telephone was not there.
Meanwhile, appellant had crossed the street to neighbor Clara Smith's house, where Clara Smith and Charlie Mae Copeland were standing. Appellant told them that she had just killed Eddie. Clara Smith then looked across the street and saw Eddie in the doorway and said, "Oh, no you didn't, 'cause there he is in the door. . . ." Appellant took aim at him once again and said, "I'll kill him." Charlie Mae then pulled appellant's arm down and talked her out of doing this. The victim then yelled across the street, asking them to call an ambulance. He then stretched out on the floor until the ambulance arrived.
Appellant contends that she was entitled to a charge of second degree assault under § 13A-6-21(a)(2), Code of Alabama 1975. That Code section reads as follows:
 "(a) A person commits the crime of assault in the second degree if:
". . .
 "(2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument. . ."
The Code makes a distinction between offenses involving "serious physical injury" and those involving mere "physical injury." These terms are defined in the Code as follows:
 "PHYSICAL INJURY. Impairment of physical condition or substantial pain.
 "SERIOUS PHYSICAL INJURY. Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." (Emphasis added.)
§§ 13A-1-2(8) and (9), Code of Alabama 1975.
In the case at bar, a surgeon testified that it was necessary to remove the victim's spleen due to damage caused by the bullets. According to the law, the loss of an organis "serious physical injury," and not mere "physical injury." Appellant, *Page 1139 
however, argues that the loss of the organ was not "serious," as it was just the spleen and "many persons live long, healthy, normal lives without the benefit of the spleen." (Appellant's brief, p. 19.) While medical science may not yet fully understand the function of this organ, its loss is certainly "serious physical injury" in this state. The Code section reads "any bodily organ" and does not except the spleen. See § 13A-1-2(9). There was not a rational basis for a second degree assault instruction under §13A-6-21(a)(2) as requested by appellant.
Appellant also contends that the second degree assault instruction under § 13A-6-21(a)(3), Code of Alabama 1975, should have been given. That Code section reads as follows:
 "(a) A person commits the crime of assault in the second degree if:
". . . .
 "(3) He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument. . . ."
This Code section does not apply to the facts of this case, since the appellant's acts cannot rationally fall into the category of "reckless" behavior defined in § 13A-2-2(3), Code of Alabama 1975. Harper's defense of "self defense" necessarily admits that her conduct was intentional, not accidental or reckless. See § 13A-2-2, Code of Alabama 1975. Her actions were undoubtedly intentional, and she was not entitled to a jury instruction based on "reckless" behavior. Ex parte Williams, 484 So.2d 503 (Ala. 1986).
Neither would appellant Harper be entitled to jury charges on third degree assault, applying the same logic as above.
AFFIRMED.
All the Judges concur.