On Application for Rehearing
The original opinion in this cause issued on September 18, 1992, is hereby withdrawn and the following is substituted therefore. The appellant, Marvin Lacy, was indicted for murder under § 13A-6-2, Code of Alabama 1975. He was ultimately found guilty of manslaughter and was sentenced to 15 years in the penitentiary. He now raises three issues for our review on appeal.
 I
The appellant first contends that the trial court erred when it gave the following charge to the jury concerning the lesser included offenses of reckless manslaughter and criminally negligent homicide:
 "Negligence is distinguished from acting intentionally, knowingly, or even recklessly. Negligence does not involve a state of awareness; because of this lack of the state of awareness, self-defense is not a defense to the charge of criminally negligent homicide or to reckless manslaughter."
Specifically, the appellant argues that although the trial court charged the jury on self-defense, it erred when it further charged that that defense had no application to the lesser included offenses described above. We disagree with the appellant.
It is a well accepted principle of law that a claim of self-defense necessarily serves as an admission that one's conduct was intentional. Harper v. State, 534 So.2d 1137
(Ala.Cr.App. 1988). In other words, a person simply cannot negligently or recklessly defend himself. The decision to defend one's self, whether justified or not, is by its very nature a conscious and intentional decision. If a jury decides that a person is justified in using deadly force to defend himself then he or she is not guilty of any crime, and the defense is perfect. Conversely, if a jury determines that a person is not justified in using deadly force to defend himself then that person is guilty of either murder or simple manslaughter. Our legislature has specifically rejected the notion that any other result can attach where self-defense is concerned.
 "The 'imperfect defense' doctrine which provided that a person committed the offense of criminally negligent homicide if he intentionally or recklessly caused the death of another person in the good faith but unreasonable belief that he had grounds for justification (self-defense) has been rejected by the Alabama Legislature."
Gwin v. State, 425 So.2d 500 (Ala.Crim.App. 1982), cert. quashed as improvidently granted, 425 So.2d 510 (Ala. 1983);Lawson v. State, 476 So.2d 116 (Ala.Crim.App.), cert. quashed, 476 So.2d 122 (Ala. 1985); Lovell v. State,521 So.2d 1346 (Ala.Crim.App. 1987).
Therefore, we find that the trial court properly instructed the jury on the law of self-defense as it applied to the underlying charge of murder and to the lesser included offenses of manslaughter and criminally negligent homicide. The trial court correctly explained that the defense had no application to the lesser included offenses of criminally negligent homicide or reckless manslaughter.
 II
The appellant's next contention is that the trial court erred when it excused prospective *Page 690 
juror B.M., who was not challenged by either the State or by the appellant.
In his qualification of the jury, the trial judge asked both the prosecution and defense to provide the court with the names of prospective witnesses. The court then asked the venire if any of them knew any of the proposed witnesses. The following exchange then took place with reference to potential juror B.M.:
 "THE COURT: Do any of you ladies and gentlemen know any of the prospective witnesses for the defendant?
"A JUROR: I know Mike Chappel. My name is [B.M.]
 "THE COURT: You know him as a teacher or in a social capacity?
"A JUROR: Social.
 "THE COURT: Would the fact that you know Mike Chappel in a social capacity, and the fact that he is a potential witness for the defendant cause you to be biased in this case?
"A JUROR: I guess not. I wouldn't think so.
 "MR. GRIFFIN [defense counsel]: Your Honor, perhaps I should say [that] these two witnesses from the school, in fact all of those named except the mother, are character witnesses — they are not involved in the details of what happened, but they are subpoenaed to be used as character witnesses, if that makes any difference.
 "THE COURT: [B.M.], you know Mike Chappel as a friend. He will testify in this case. Can you take all the evidence in this case and judge this case solely on the evidence that comes before you and reach a fair and impartial verdict in the case?
"A JUROR: Yes.
 "THE COURT: I have some hesitation because you said 'I guess not,' and 'I wouldn't think so.'
"A JUROR: Well, I just was thinking it through.
 "THE COURT: The reason I'm dwelling on this is not to embarrass you or single you out, but there is some case law in Alabama that indicates [that] if somebody has some hesitation that that person perhaps should not sit on the jury, and I need to know whether you have any doubt or hesitation?
"A JUROR: Maybe I better not.
 "THE COURT: You can return to the sixth floor jury venire room."
At that time, the appellant objected to the removal of the prospective juror. On appeal, he argues that the trial court's questioning and the subsequent removal of prospective juror B.M. amounted to an abuse of the trial court's discretion. We disagree.
Regardless of a challenge by either party, it is the duty of the court to ascertain juror qualifications and to disqualify all jurors not possessing the necessary qualities. Williams v.State, 51 Ala. App. 1, 282 So.2d 349, cert. denied, 291 Ala. 803, 282 So.2d 355 (1973). "Because the qualification of a juror is a matter within the discretion of the trial judge, on appeal this Court will look to the questions asked and the answers given only to see if the trial court's discretion was properly exercised." Ex parte Cochran v. State, 500 So.2d 1179
(Ala. 1985), cert. denied, 481 U.S. 1033, 107 S.Ct. 1965,95 L.Ed.2d 537 (1987). "This Court cannot and does not seek to supplant the functions of the trial court in evaluating the personal demeanor of the jurors." Knop v. McCain,561 So.2d 229, 234 (Ala. 1989).
In the present case, the trial court was confronted with a prospective juror who was acquainted socially with a defense witness. When asked whether that relationship would cause the juror to be biased, the juror replied, "I guess not. I wouldn't think so." Upon hearing the prospective juror's response, the trial court expressed its concern and continued to question the juror about the relationship and the reason for her hesitant response. At one point, the trial court even stated that it felt compelled by case precedent to continue questioning her. We would agree with the trial court's statement.
In Knop v. McCain, 561 So.2d 229, 234 (Ala. 1989), the Alabama Supreme Court held that "[o]nce a juror makes an initial statement that is vague, ambiguous, equivocal, uncertain, or unclear or that shows confusion, it is the trial judge's function to question the *Page 691 
juror further, so as to ascertain whether the juror can be impartial." Thus, the trial court's questioning of prospective juror B.M. was not merely an exercise of the trial judge's discretion. It also served to fulfill a duty imposed by the Alabama Supreme Court. Thus, we find no error in the trial court's questioning process. See England v. State,601 So.2d 1108 (Ala.Cr.App. 1992).
We also find no error in the trial court's dismissal of prospective juror B.M. The trial court could reasonably conclude from B.M.'s response that she had some doubts as to whether she could remain impartial because of her relationship with one of the defense's witnesses.
 "Ultimately, the test to be applied is whether the juror can set aside her opinions and try the case fairly and impartially, according to the law and the evidence. This determination again is to be based on the juror's answers and demeanor and is within the discretion of the trial judge."
Knop v. McCain, 561 So.2d 229, 232 (Ala. 1989).
Applying this standard of review to this case, we find that the trial court did not abuse its discretion when it excused prospective juror B.M. absent a challenge for cause by either party.
 III
Finally, Lacy contends that the trial court erred in refusing to give the following written requested charges:
"REQUESTED JURY CHARGE 6:
 "It is the duty of the State to prove every material fact charged in the indictment to a moral certainty, and to satisfy the mind of the Jury of the defendant's guilt beyond all reasonable doubt, and if they have failed to do this, and the Jury can account for the defendant's innocence upon any reasonable hypothesis, in view of all the evidence, then they should find him not guilty."
----------
"REQUESTED JURY CHARGE 8:
 "The court charges the Jury that there is a legal presumption of innocence which is to be regarded as a matter of evidence by the Jury to the benefit of which the accused is entitled, and as a matter of evidence it attends the defendant until his guilt is, by the evidence, placed beyond a reasonable doubt."
If the trial court in its oral charge to the jury or in another written requested charge fairly and substantially covers the principles of law contained in the defendant's requested charge, the refusal of the charge is not error.Grace v. State, 456 So.2d 862 (Ala.Cr.App. 1984). Where, moveover, the issues of presumption of innocence and burden of proof were thoroughly addressed by the trial court in its oral charge, the trial court did not err in refusing the defendant's proposed charge which stated that the presumption of innocence is a matter of evidence. Id. at 864.
We have reviewed the trial court's lengthy oral charge to the jury and find that because the oral charge fairly and substantially covered the principles of law contained in Lacy's written requested charges no. 6 and no. 8, the trial court did not err in refusing these charges.
The judgment of the circuit court is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; RULE 39(k) MOTION DENIED; AFFIRMED.
All Judges concur.