I respectfully dissent from the denial of the petition for writ of certiorari. It appears that the instructions would have allowed the jury to find Lacy not guilty of murder on the basis of his defense of justification, i.e., self-defense, but then proceed to consider whether he was guilty of a lesser included offense. Under the very reasoning employed by the Court of Criminal Appeals, the jury's acceptance of the justification defense to the murder charge would compel a verdict of not guilty and would preclude consideration of the lesser included offenses; that court wrote: "If a jury decides that a person is justified in using deadly force to defend himself then he or she is not guilty of any crime, and the defense is perfect."Lacy v. State, 629 So.2d 688, at 689 (Ala.Cr.App. 1993). Thus, from all that appears here, the jury may have found Lacy not guilty of murder because he acted properly in self-defense, but then found him guilty of manslaughter because the judge gave instructions not to consider the defense of justification in regard to that lesser included offense. If the instructions allowed such a result and if the defendant properly objected, this would be reversible error.
Moreover, I do not agree that justification cannot be a defense to reckless manslaughter simply because one must act intentionally in defending oneself. One may act intentionally and with proper justification in taking steps to defend oneself, but then act in a manner that could be construed as reckless or negligent. If the evidence supports the existence of a fact question as to whether the defendant's conduct was proper self-defense or lapsed into recklessness or negligence, the defense of justification would certainly be applicable to a charge of reckless manslaughter or criminally negligent homicide.
Section 13A-3-23, Ala. Code 1975, reads, in pertinent part:
 "(a) A person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for the purpose. A person may use deadly physical force if the actor reasonably believes that such other person is:
 "(1) Using or about to use unlawful deadly physical force; or
 "(2) Using or about to use physical force against an occupant of a dwelling while committing or attempting to commit a burglary of such dwelling; or
 "(3) Committing or about to commit a kidnapping in any degree, assault in the first or second degree, burglary in any degree, robbery in any degree, forcible rape or forcible sodomy."
I see nothing in these provisions or in any other Code provisions that would necessarily preclude the application of the defense of justification to a charge of reckless manslaughter or criminally negligent homicide. I am not aware of any principles of law that support this result.
The facts of this case are not before us in any detail, so I am unable to conclude for certain that the trial court committed reversible error in its instructions. However, the materials before us do indicate a probability of merit in the petitioner's arguments. *Page 693 
Therefore, I would grant the writ for further consideration, and I respectfully dissent from the denial of the writ.