James Allen Johnson was convicted of murder made capital because it was committed during the course of a robbery, see § 13A-5-40(a)(2), Ala. Code 1975. The jury, by a vote of 10-2, recommended that Johnson be sentenced to death. The trial court accepted the jury's recommendation and sentenced Johnson to death. The Court of Criminal Appeals affirmed the conviction and the sentence. Johnson v. *Page 884 
State, 820 So.2d 842 (Ala.Crim.App. 2000). We granted certiorari review.
For a recitation of the facts, see Johnson v. State, 820 So.2d at ___.
In his petition, Johnson raises 22 issues for this Court to review. The Court of Criminal Appeals' extensive opinion thoroughly addressed these issues. This Court has also considered these issues and finds no error.
Pursuant to § 13A-5-53, Ala. Code 1975, this Court has considered the propriety of the death sentence. The trial court found the existence of one statutory aggravating circumstances:
 "(1) The capital offense was committed while the defendant was engaged . . . in the commission of, or an attempt to commit, the crime of robbery. [See § 13A-5-49(2), Ala. Code 1975.]"
The trial court found the existence of one statutory mitigating circumstance: "(1) Defendant has no significant history of prior criminal activity, [see § 13A-5-51(1), Ala. Code 1975]." The trial court did not find the existence of any nonstatutory mitigating circumstances.
The record reflects that the trial court weighed the aggravating circumstance against the statutory mitigating circumstance and found that the aggravating circumstance greatly outweighed the mitigating circumstance and sentenced Johnson to death.
After carefully reviewing the record, this Court has found no evidence to indicate that Johnson's sentence of death "was imposed under the influence of passion, prejudice, or any other arbitrary factor." See § 13A-5-53(b)(1), Ala. Code 1975. This Court, pursuant to §13A-5-53(b)(2), has independently weighed the aggravating circumstance and the statutory mitigating circumstance the trial court found to exist to determine the propriety of Johnson's sentence of death. After that independent weighing, this Court concludes that death is the appropriate sentence in this case. Johnson's sentence is not disproportionate or excessive when compared to the sentences imposed in similar capital cases.
The judgment of the Court of Criminal Appeals affirming Johnson's conviction and sentence of death is affirmed.
AFFIRMED.
Moore, C.J., and Houston, See, Lyons, Brown, Harwood, and Woodall, JJ., concur.
Johnstone, J., concurs in the result.